FILED

2020 Aug-03  PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| WILLIAM HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  4:18-cv-01303-AKK-HNJ |
| | ) | |
| DEWAYNE ESTES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The magistrate judge filed a report on July 7, 2020, recommending the court grant the defendants' motions for summary judgment and dismiss the plaintiff's amended complaint with prejudice.  Doc. 69.   The plaintiff filed objections to the report and recommendation on July 24, 2020.  Doc. 72.  For the following reasons, the court **OVERRULES** the plaintiff's objections.

The plaintiff restates his claims that the defendants violated his constitutional rights by failing to protect him from an inmate attack.  Doc. 72.  However, the plaintiff fails to adequately address the magistrate judge's conclusions that even taking the facts in the light most favorable to him, the undisputed facts do not show that the defendants possessed subjective knowledge that there was a substantial risk of serious harm to the plaintiff, or that they were deliberately indifferent to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994).

While the plaintiff was not required to inform the defendants of the identity of the inmate prior to the attack, he conveyed only a vague and generalized threat of harm, rather than a specific and particularized threat from which the defendants could infer a strong likelihood of injury, not just a mere possibility. *See Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007); *Carter v. Galloway*, 352 F.3d 1346, 1349-50 (11th Cir. 2003). Indeed, the plaintiff's claim that the defendants failed to protect him from an unknown inmate who wanted to harm him for unknown reasons fails to establish that the defendants were subjectively aware of a substantial risk of serious harm to him.[1] *See Rodriguez*, 508 F.3d at 614-19 (finding sufficient evidence that defendant knew inmate faced a substantial risk of serious harm where inmate did not know identity of gang enforcer who stabbed him, but told several guards that his former gang had threatened him and he feared they would assault him when he was released from general population).

The plaintiff claims a chart produced by the defendants indicates over 100 incidents of inmate-on-inmate assaults between September 2016 and September 2017 and supports his allegations of constant violence at St. Clair. Doc. 72 at 3; Doc. 61-1 at 1. The chart shows all incidents of inmate-on-inmate assaults at St. Clair, including fights, assaults without serious injury, and assaults with serious

---

[1] The plaintiff does not allege that he informed the defendants that this unknown inmate was a relative of the individual he murdered. Doc. 39 at 5-6; Doc. 41 at 4-5; Doc. 67 at 4-5.

injury.  Doc. 61-1 at 1.  Specifically, during that year, there were 33 assaults with serious injury, 65 assaults without serious injury, and 12 fights.  *Id.*  The plaintiff has not shown these figures in the context of the number of inmates housed at St. Clair during this time, or the sections of the prison where these assaults occurred, for the court to determine whether they support a finding that "violence and terror reign[ed]."  *Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga.*, 400 F.3d 1313, 1320 (11th Cir. 2005).  In addition to evaluating the number of inmate-on-inmate assaults against the number of inmates housed at the facility, the Eleventh Circuit has also noted that in cases where it held that a generalized risk of violence from a prison population could support a claim of deliberate indifference to a substantial risk of serious harm, "the plaintiff has pointed to specific features of a facility or its population rendering it particularly violent," including evidence of "pervasive staffing and logistical issues rendering prison officials unable to address near-constant violence, tensions between different subsets of a prison population, and unique risks posed by individual prisoners or groups of prisoners due to characteristics like mental illness."  *Marbury v. Warden*, 936 F.3d 1227, 1234-35 (11th Cir. 2019).  The plaintiff has not made such a showing here.  Although the plaintiff cites a United States Department of Justice report concerning the conditions in Alabama's prisons from 2017-2018, he does not set forth the specific findings in

the report which address these factors as it relates to St. Clair and how they put the defendants on notice of widespread abuse prior to the September 2017 assault.[2]

Moreover, there is no evidence the defendants were deliberately indifferent to the plaintiff's claims that he had an enemy at St. Clair. Rather, the evidence indicates Classification staff checks for enemies before placing an inmate in population. Doc. 36-4 at 1. Classification staff completed this procedure prior to placing the plaintiff in general population at St. Clair and he did not have any documented enemies at the facility. *Id*.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court hereby **ADOPTS** the report and **ACCEPTS** the recommendation. Accordingly, the court finds that the defendants' motions for summary judgment are due to be granted, the court finding no genuine issues of material fact exist. A Final Judgment will be entered separately.

**DONE** the 3rd day of August, 2020.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[2] In addition, the plaintiff argues the magistrate judge failed to address "newspaper clipping[s]" in support of his claims of rampant violence at St. Clair. Doc. 72 at 4. The plaintiff attached one newspaper article to his motion for appointment of counsel. Doc. 38 at 2; Doc. 41 at 6. This article is not dated and only describes general problems plaguing Alabama prisons and does not form the basis of the defendants' alleged subjective knowledge that the plaintiff faced a substantial risk of serious harm prior to the inmate assault. *Id*.